**SIGNED THIS: June 09, 2008**

_____
            **GERALD D. FINES**
    **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ALFRED ANTHONY HERNANDEZ, | ) Bankruptcy Case No. 07-91687 |
| PAMELA JEANETTE HERNANDEZ, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on a Motion to Vacate Order Confirming Plan filed by Creditor, Capital One Auto Finance, Debtors' Objection to Claim #6 Filed by Capital One Auto Finance, and Response to Objection to Claim; the Court, having heard arguments of counsel and reviewed the written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

On January 13, 2006, the Debtors purchased a 2005 Dodge Ram 1500 pick-up truck for their personal use. The dealership where the Debtors purchased the subject vehicle did not offer an allowance for trade in of the Debtors that would cover the loan balance due on the trade in. As a result, the Debtors financed a deficiency of trade in loan with the purchase of the 2005 Dodge Ram 1500 pick-up truck. The new loan, which includes the deficiency for the trade in, was financed through Capital One Auto Finance. The total sum of $27,468 was financed on the date of purchase at an interest rate of 12.95% per annum.

The Debtors filed for Chapter 13 bankruptcy relief on November 7, 2007. The petition was filed within 910 days of the subject vehicle purchase. Capital One Auto Finance filed a proof of claim in the amount of $22,406.50, as a secured claim. The Debtors filed an objection to the claim in an attempt to bifurcate the claim with $16,625 as a secured claim and the balance of $5,781.50 to be allowed as a general unsecured claim. The Plan was confirmed over the filed Objection of Capital One Auto Finance, and the Motion to Vacate Plan Confirmation and Debtors' Objection to Claim #6 Filed by Capital One Auto Finance is now before the Court.

## Conclusions of Law

Under 11 U.S.C. § 1325(a), what is known as the "hanging paragraph" states:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

The legislative history under § 1325(a) provides virtually no guidance as to the meaning and scope of the hanging paragraph. In the instant case, the issue concerns whether the hanging paragraph of § 1325(a) allows a debtor to cram down the negative equity that resulted from a trade in of a vehicle.

Although there is a split of authority, the majority of courts that have addressed this question have taken the position that the negative equity resulting from a trade in of a vehicle is not part of the purchase money security interest, and is, thus, not subject to the 910-day rule imposed by the hanging paragraph in § 1325(a).  See:  In re Blakeslee, 377 B.R. 714 (Bankr. M.D. Fla. 2007); In re Mitchell, 379 B.R. 131 (Bankr. M.D. Tenn. 2007); In re Conyers, 379 B.R. 576 (Bankr. M.D. N.C. 2007); In re Sanders, 377 B.R. 836 (Bankr. W.D. Texas 2007); In re Westfall, 376 B.R. 210 (Bankr. N.D. Ohio 2007); In re Honcoop, 377 B.R. 719 (Bankr. M.D. Fla. 2007); and In re Barnes, 2007 Bankr. LEXIS 4477 (Bankr. D. N.M. April 6, 2007).  To the contrary, a minority of courts have taken the view that the financing of negative equity is part of the purchase money security interest.  See:  GMAC v. Peaslee, 373 B.R. 252 (W.D. N.Y. 2007); and In re Cohrs, 373 B.R. 107 (Bankr. E.D. Cal. 2007).

In examining the opposing views as to the inclusion of negative equity as part of the purchase money security interest, this Court finds that the more well reasoned opinions are those of the majority view.  The Court, in Barnes, supra, stated:

> The Court finds that negative-equity in a trade-in vehicle is not part of the price of the new car.  Negative-equity is not similar to sales tax, duties, finance charges, interest, freight charges, costs of storage in transit, demurrage, administrative charges, expenses of collection and enforcement, or attorney's fees.  Furthermore, paying the negative equity does not "enable" the debtor to acquire the new vehicle, it simply pays off the old loan.

This Court finds that the position taken by the majority view is consistent with the plain meaning of the hanging paragraph.  Additionally, the Court finds that Illinois law defines a purchase money security interest in a much narrower way than it defines collateral.  A purchase money obligation is defined as "an obligation of an obligor incurred as all or part of the price of the collateral or for value given to enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used."  810 ILCS 5/9-103.  In essence, the purchase money security interest is equal to the purchase price.  Thus, the definition of a purchase money security interest, under the Illinois Commercial Code, is much narrower than the definition of collateral which is defined as "property subject to a security interest or

3

lien." 810 ILCS 5/9-102. In this instance, while the vehicle is collateral for the entire loan with Capital One Auto Finance, the purchase money security interest is much less than the total amount, because the lender financed the deficiency of the loan securing the trade in vehicle. As a result, the Court finds that the Motion to Vacate Order Confirming Plan should be denied, and that the Debtors' Objection to Claim #6 Filed by Capital One Auto Finance should be allowed, thus giving Capital One Auto Finance a secured claim in the amount of $16,625 and a general unsecured claim in the amount of $5,781.50.

###